UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| ROBERT A. REDDISH AND ) | CASE NO. 08-60859 |
| LATRICA L. REDDISH, ) | |
| ) | JUDGE RUSS KENDIG |
| Debtors. ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **(NOT INTENDED FOR** |
| ) | **PUBLICATION)** |

This case is before the court *sua sponte*. Debtors Robert A. Reddish and Latrica L. Reddish (hereafter "Debtors") filed a chapter 13 petition on March 24, 2008. Debtors did not file a certificate demonstrating compliance with 11 U.S.C. § 109. Instead, they checked box three on Official Form 1, Exhibit D and indicated they requested, but were unable to obtain, credit counseling and had exigent circumstances for a waiver of the requirement. On Exhibit D, Debtors added the following statement: "Debtor had paid for and submitted information to Community Credit Counseling Specialists and is awaiting an appointment with a counselor to complete their counseling."

The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

The Bankruptcy Abuse Prevention and Consumer Protection Act (hereafter "BAPCPA") enacted in 2005 mandated that debtors obtain counseling prior to filing bankruptcy. *See* 11 U.S.C. § 109(h). There are limited exceptions to the requirement. Under 11 U.S.C. § 109(h)(2)(A), the requirement does not apply in districts where a designated official determines that adequate counseling services are not available; this exception is not applicable in this district. The other exception is found in section 109(h)(3), which provides, in relevant part, that a prefiling credit counseling certificate is not required:

    with respect to a debtor who submits to the court a certification that--

    (i)    describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

    (ii)    states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the

                5-day period beginning on the date on which the debtor made the request; and

        (iii)    is satisfactory to the court.

All three prongs must be satisfied to be excused from the credit counseling requirement.

Specific instructions are included in paragraph three of Official Form 1:

> *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]* _____
> _____.

In spite of the clear direction, Debtors failed to file a motion or certification. Although a statement was provided on Exhibit D, the Court finds that the statement does satisfy the requirements of the Bankruptcy Code and is not satisfactory to the Court. The statement does not set forth any exigent circumstances and does not identify the date that the counseling was requested. Consequently, Debtors cannot prove that they are entitled to be excepted from the requirements of section 109.

Pursuant to 11 U.S.C. § 109(h)(1), an individual may not be a debtor unless he or she completed a briefing ("briefing") outlining the opportunities for credit counseling and assisting in performing a related budget analysis in the 180 days prior to filing the petition. The language of the statutes is clear that this must be completed <u>before</u> filing the petition or the individual does not qualify to be a debtor. It is clear Debtors failed to satisfy this requirement and are therefore ineligible to be debtors. Debtors' case will be dismissed.

An order in accordance with this decision shall be entered forthwith.

                                                /s/ Russ Kendig
                                                RUSS KENDIG
                                                U.S. BANKRUPTCY JUDGE

**Service List**:

Robert A Reddish
Latrica L. Reddish
4102 Teak Place
West Salem, OH 44287

John B Cameron
John Brooks Cameron & Associates
247 E Smith Rd
Medina, OH 44256

Toby L. Rosen
Charter One Bank Building, 4th Floor
400 W. Tuscarawas St.
Canton, OH 44702

Office of the United States Trustee
201 Superior Ave., East
Suite 441
Cleveland, OH 44114